CITY OF HOUSTON V. GERALD C. MANN, ATTORNEY GENERAL OF TEXAS, ET AL.

No. 8001. Decided July 15, 1942.
Rehearing overruled October 14, 1942.
(164 S. W., 2d Series, 548.)

*Lewis W. Cutrer*, City Attorney, *C. D. Jessup, Jr.*, Assistant City Attorney, both of Houston, *Chapman & Cutler* and *Joseph A. Matter*, both of Chicago, *Gibson & Gibson* and *Dan Moody*, all of Austin, for petitioner.

*Gerald C. Mann*, Attorney General, *Glen R. Lewis, Claud O. Boothman, Geo. Sparks* and *Geo. W. Barcus*, Assistants Attorney General, and *Edward S. Boyles, of Houston*, for respondents.

PER CURIAM:

This is an original mandamus proceeding, instituted in this Court by the City of Houston, Texas, a municipal corporation, containing more than 290,000 inhabitants, according to the last federal census, against Honorable Gerald C. Mann, Attorney General of Texas, to compel him to approve an issue of waterworks revenue bonds in the principal sum of $10,000.000, proposed to be issued and sold by the City, the proceeds to be used "to pay in whole or in part the cost of repairing the present waterworks plant and system of the City of Houston, and acquiring additions, enlargments, extensions and improvements thereto, * * *." Such bonds are payable serially during the years from 1944 to 1967, both inclusive. They bear four per cent. interest per annum, and are payable solely out of the net revenues of the City's waterworks system. It is expressly provided in the contract that these bonds are liens on the net revenues just mentioned. It is further provided that such lien is subordinate to the lien securing certain prior bonds of the City, which we will now describe and discuss.

The record before us shows that in 1926 the City issued and sold $1,500,000.00 of waterworks revenue bonds. Such bonds

bear five per cent. interest per annum, and mature serially during the years from 1927 to 1951, both inclusive. These 1926 bonds were issued by authority of Article 1109a, Vernon's Civil Statutes, as it then existed. They are secured by a deed of trust lien on the physical property of the City's waterworks system, together with the net rents and revenues thereof, during the years that they remain outstanding. Such bonds can never be a claim against the tax fund of the City, but are secured alone by the properties and revenues above mentioned.

At the time the above 1926 bonds were issued and sold, Article 1109a, supra, contained the following provision:

"2. * * * No part of the income of any such system shall ever be used to pay any other debt, expense or obligation of such city, until the indebtedness so secured shall have been finally paid."

The 1926 bond contract contained the following very plain and binding provision, fully authorized by the above-quoted statute:

"The City hereby irrevocably covenants, binds and obligates itself that said waterworks plant and system, nor any part thereof, including any additions or extensions that may be made thereto which are covered or intended to be covered by the lien hereof shall not be * * * incumbered * * * so long as any of the bonds hereby secured remain. outstanding * * *."

■■ It will be noted that the provision of the 1926 bond contract just above quoted, in no uncertain terms binds the City *"irrevocably"* not to *"incumber"* its waterworks system, nor any part thereof, while any of the 1926 bonds are outstanding. It is settled that a lien on the income or net revenue of a waterworks system is an incumbrance on the system itself. City of Dayton v. Allred, 123 Texas 60, 68 S. W. (2d) 172. The above-quoted provision of the 1926 bond contract was fully authorized by the above-quoted provision of Article 1109a, as it existed at the time such contract was entered into. In fact, such statute itself prohibited subsequent liens, even though they were made subordinate. City of Houston v. Allred, 123 Texas 334, 71 S. W. (2d) 251. It follows that both the contracts and the statute under which the 1926 bonds were issued and sold expressly prohibits the issuance of these bonds, so long as any of the 1926 bonds are outstanding. In this connection, this

record shows that $600,000.00 of such bonds are still outstanding and unpaid.

It appears that since the issuance and sale of the 1926 bonds above mentioned, Article 1109a, supra, has been amended, so as to permit the issuance of subsequent revenue bonds, the same to constitute liens subordinate to the lien securing a prior issue. The City contends that such amendment authorizes the issuance of the bonds it here seeks to compel the Attorney General to approve. We think such amendment cannot operate to render ineffective the provision against a subsequent incumbrance contained in the 1926 contract. We think it cannot be said, as a matter of law, that the provision above quoted in the 1926 contract against a subsequent incumbrance is of no value to the holders of such bonds.

■ The City's petition for mandamus makes J. W. Rockwall and T. W. Gregory parties to this action. Mr. Rockwall owns $59,000.00 of the 1926 bonds, and Mr. Gregory owns $15,000.00 thereof. Such bonds are payable to bearer, and the City has no record of the names of their holders. Rockwall and Gregory are sued as a class, and as representing all the holders of the 1926 bonds. Rockwall and Gregory have answered herein, agreeing to the contentions of the City, and waiving any right they may have, as holders of the 1926 bonds, to enforce the contract securing them against a subsequent incumbrance. It is our opinion that the answer of Rockwall and Gregory is of no value to the City. These parties cannot, as a class, waive the rights of the other holders of the 1926 bonds. 39 Amer. Jur., p. 922, sec. 48.

The Attorney General contends that these bonds cannot be issued until authority therefor has been granted at an election duly ordered and held for that purpose. No such election has been ordered or held. We pretermit any decision of this question, as it is unnecessary in view of our other holdings.

The mandamus prayed for by the City is refused.

Opinion delivered July 15, 1942.

Rehearing overruled October 14, 1942.