

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 7, 1973

Dr. David Wade, Commissioner
Texas Department of Mental Health
and Mental Retardation
P. O. Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. H- 5

Re: Construction of Article
6252-9a, Vernon's Texas
Civil Statutes.

Dear Dr. Wade:

Your request for an opinion asks the following questions:

"1. Is Article 6252-9a, V.A.C.S., still valid?

"2. May State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, serve as members of the governing bodies of school districts, cities, towns, or other local governmental districts if a salary is available for serving as a member of such governing body but the individual elects not to receive such salary?

"3. In the event that Article 6252-9a, V.A.C.S., is no longer valid, what procedure should be used to determine whether the Constitutional requirements for one nonelective State officer to hold another non-elective office under the State or United States have been satisfied?"

Article 6252-9a, Vernon's Texas Civil Statutes, reads:

"Section 1. A nonelective state officer or employee may hold other nonelective offices or positions of honor, trust, or profit under this state or the United States, if his holding the other offices or positions is

-17-

of benefit to the State of Texas or is required by state
or federal law, and if there is no conflict between his
holding the office or position and his holding the
original office or position for which the officer or
employee receives salary or compensation.

"Section 2. Before a nonelective state officer
or employee may accept an offer to serve in other
nonelective offices or positions of honor, trust, or
profit, the officer or employee must obtain from the
governing body, or if there is no governing body,
the executive head of the agency, division, department,
or institution with which he is associated or employed,
a finding that the requirements of Section 1 of this
Act have been fulfilled. The governing body or
executive head shall make an official record of the
finding and of the compensation to be received by the
nonelective officer or employee from such additional
nonelective office or position of honor, trust, or
profit including specifically salary, bonus, per diem
or other type of compensation.

"Section 3. The governing body or executive
head shall promulgate rules and regulations necessary
to carry out the purposes of this Act."

This statute was enacted pursuant to the 1967 amendment to
Section 33 of Article 16, Constitution of Texas, which provided, in
part:

". . . it is further provided, until September 1, 1969,
and thereafter only if authorized by the Legislature by
general law under such restrictions and limitations as
the Legislature may prescribe, that a non-elective
State officer or employee may hold other non-elective
offices or positions of honor, trust or profit under this
State or the United States, if the other offices or
positions are of benefit to the State of Texas or are
required by State or federal law, and there is no con-
flict with the original office or position for which
he receives salary or compensation."

In 1972, Section 33 was amended to omit this language which was then incorporated in Section 40 of Article 16 without specific reference to legislative authorization. In addition, and perhaps most important, reference to "employees" was omitted when this provision was transposed into Section 40.

Therefore, it is our opinion that Article 6252-9a, Vernon's Texas Civil Statutes was repealed insofar as it applies to employees, but continues to control where non-elective State officers are concerned. It was enacted pursuant to authorization contained in the 1967 amendment to Article 16, Section 33. The language of the amendment was carried forward, in part, but not entirely into the new Section 40. Except as it relates to persons not classified as State officers, the terms of Article 6252-9a are compatible with the language of Section 40 as amended.

When a statute is valid as to one subject coming within the scope, but constitutionally objectionable as it applies to other subjects, it is not to be declared unconstitutional in toto unless that conclusion is inescapable.

> "The remainder of the statute is not invalid since a complete and workable law remains and the apparent purpose of the Legislature will not necessarily be defeated."

Hatten v. City of Houston, 373 S. W. 2d 525, 535 (Tex. Civ. App., Houston, 1963, error ref. n. r. e. ); 12 Tex. Jur. 2d, Constitutional Law, Sections 47 and 48 p. 392 et seq.

To your second question we answer that in view of the specific authorization contained in Section 40 of Article 16, state employees or other individuals who receive all or part of their compensation from funds of the State of Texas and who are not State officers may serve as members of the governing bodies of the various political subdivisions named in Section 40 provided such individuals "shall receive no salary for serving as members of such governing bodies."

We answer your third question that, to the extent that Article 6252-9a, Vernon's Texas Civil Statutes, is no longer valid, with reference to persons who are not nonelective state officers, the affected agencies may use whatever procedures they deem necessary to determine whether a dual employment violates any provision of the Constitution. With regard to nonelective state officers, the provisions of Article 6252-9a continue to be applicable.

### - SUMMARY -

The 1972 amendments to Article 16, Sections 33 and 40 of the Constitution of Texas invalidate Article 6252-9a, Vernon's Texas Civil Statutes, insofar as it applies to persons who are not nonelective state officers, but the provisions of that statute continue in effect with reference to those persons who are nonelective state officers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee