RIO GRANDE VALLEY SUGAR
GROWERS, INC., Appellant,

v.

ATTORNEY GENERAL OF TEXAS,
et al., Appellees.

No. 14134.

Court of Appeals of Texas,
Austin.

April 25, 1984.

Rehearing Denied May 23, 1984.

Neil Norquest, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellant.

Jim Mattox, Atty. Gen., Susan Lee Voss, Asst. Atty. Gen., Austin, Richard W. Harris, San Antonio, for appellees.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

SHANNON, Justice.

This is a school bond election appeal in which the constitutionality of Tex.Rev.Civ. Stat.Ann. art. 717m–1 (Supp.1984) is again challenged.[1] The taxpayer also asserts that the bond which the court ordered it to post was excessive.

Rio Grande Valley Sugar Growers, Inc., a taxpayer in the La Villa School District, sued the school district and its board of trustees in the district court of Hidalgo County seeking an injunction prohibiting the issuance and sale of a series of bonds. The school district then filed a separate suit in the Travis county district court seeking a declaratory judgment that the bond proceedings were in all respects valid pursuant to art. 717m–1.

The district court of Travis County ordered that the Hidalgo County suit be consolidated with the school district's declaratory judgment suit pending in Travis County, and enjoined the taxpayer from further prosecution of its suit for injunction.

The district court of Travis County also granted the school district's motion to com-

---

1. In *Buckholts Independent School District v. Glaser,* 632 S.W.2d 146 (Tex.1982), the Supreme Court of Texas held that art. 717m–1 was consti- tutional in face of first amendment and due process challenges.

pel the taxpayer to post a bond to insure payment of all damages and costs occasioned by the continued participation of the taxpayer in the suit in the event the school district finally prevailed and obtained a judgment. The procedure for the requirement of a bond is authorized by art. 717m–1 § 8. The district court by order signed July 6, 1983, required the taxpayer to post a bond in the sum of $200,000. The court's order of July 6 provided further:

> In the event a bond with sufficient surety is not filed by [taxpayer] within ten (10) days after entry of this Order said opposing party shall be dismissed as a party of this proceeding which dismissal shall constitute a final judgment of the Court unless an appeal is taken in accordance with the provisions of Article 717m–1 Texas Revised Civil Statutes.

The taxpayer refused to file the bond.

On November 7, 1983, the district court signed the judgment declaring the validity of the bond proceedings. The declaratory judgment also provided:

> [The taxpayer] failed to post a bond to secure [school district] against damages and costs which may accrue by reason of the delay as will be occasioned by the continued participation of [taxpayer] as an opposing party in this proceeding as required by order of this Court entered on the 6th day of July, 1983, and, accordingly, should be, and is hereby, dismissed as a party to this proceeding.

It is from the November 7, 1983 order that the taxpayer has prosecuted this appeal.

A threshold problem stems from the school district's motion to dismiss for want of jurisdiction. The school district insists that because the taxpayer has neither posted the required bond nor taken an appeal from the "appropriate order" (the July 6 order), this Court has no jurisdiction to consider the matters raised in this appeal. As authority for its position, the school district relies upon the following language in art. 717m–1 § 8:

> In the event a bond with sufficient surety is not filed by the opposing party or intervenor within 10 days after entry of the order of the court fixing the amount of the bond, the opposing party or intervenor shall be dismissed by the court. The dismissal shall constitute a final judgment of the court, unless an appeal was taken as provided by this Act. No court shall have further jurisdiction of any action to the extent the action involves any issue which was or could have been raised in the proceedings....

> \* \* \* \* \* \*

> In the event no appeal is taken or if the appeal is taken and the order of the lower court is affirmed or affirmed as modified, and no bond is posted pursuant to this section within 10 days after entry of the appropriate order, no court shall have further jurisdiction of any action to the extent it shall involve any issue which was or could have been raised in the proceedings, except to the extent that the issue may have been raised in the proceedings by an opposing party or intervenor as to whom no motion was made hereunder.

The taxpayer, on the other hand, asserts that art. 717m–1 permitted it to appeal from the November 7th judgment. The taxpayer claims that it had the choice to appeal from either the July 6th order or the November 7th judgment, and relies upon the following language of the statute:

> An order of the court fixing the amount of the bond to be posted by an opposing party or intervenor or denying the motion of a public agency or dismissing a party for failure to file a bond may be appealed as provided in Section 9 of this Act.

The Supreme Court in *Buckholts Independent School District v. Glaser*, 632 S.W.2d 146 (Tex.1982) construed art. 717m–1 § 8. In *Buckholts* the taxpayers refused to post bond as required in the district court order. The taxpayers took an appeal from the district court's order setting the bond. After the taxpayers refused to post bond, the district court dismissed

their lawsuit. In construing art. 717m–1 § 8 the court wrote:

> Taxpayers also contend the trial court lacked jurisdiction to sign the dismissal order while they appealed the interlocutory order to post bond. We agree that taxpayers had a right to appeal the order setting bond. Article 717m–1, § 8, provides, "An order of the court fixing the amount of the bond to be posted by an opposing party or intervenor or denying the motion of a public agency or dismissing a party for failure to file a bond may be appealed as provided in Section 9 of this Act." This does not mean, however, that the trial judge had no authority to sign the dismissal order. Article 717m–1 says the opposing party "shall be dismissed" unless he posts the required bond within 10 days after the bond order date. The statute's direction makes no distinction depending on whether the bond order was appealed. It does provide that "[t]he dismissal shall constitute a final judgment ... unless an appeal was taken...." The section provides the appellate court may modify the amount of the bond. If the case is appealed "and the order of the lower court is affirmed or affirmed as modified, and no bond is posted pursuant to this section within 10 days after entry of the appropriate order, no court shall have further jurisdiction" to consider the dismissed contestant's claims. Taxpayers construe the statute to mean that at the end of the appellate process, if the bond order is affirmed, then a contestant has 10 additional days to post bond. They would thus construe "the appropriate order" to mean the final appellate order. Taxpayers' construction is inconsistent with the Act in two respects. First, it would mean the statute directs the trial court to render a dismissal order that would always be meaningless if the bond order were appealed. Second, taxpayers' construction would delay final disposition of the suit until at least 10 days after the interlocutory appeal of the bond order.

> Numerous references throughout the Act show the legislature intended a speedy final resolution of all contestants' claims. We construe "the appropriate order" to mean the trial court's bond order unless it is modified or reversed on appeal. If the bond order is modified to reduce the bond, or reversed to require a bond for the first time, then contestants have 10 days from that order as the "appropriate order" to post the required bond or suffer dismissal. We realize that this construction may result in simultaneous appeals of the bond order and the final dismissal order, as have occurred in this case, but we believe it is the only construction consistent with the legislature's direction to dispose of public securities validation proceedings under the statute with dispatch.

> (footnote omitted)

As may be seen, the Supreme Court in *Buckholts* concluded that the phrase "appropriate order" refers to the *order of the trial court requiring the taxpayer to post bond.*

█ Employing the Supreme Court's definition of "appropriate order," this Court construes art. 717m–1 § 8 as follows: should the taxpayer not appeal from the order requiring it to post a bond and should the taxpayer not post the required bond within ten days from the date the order requiring the bond was signed, no court has further jurisdiction to entertain any action to the extent it involves any issue which was raised or could have been raised in the appeal from the order requiring the bond be posted.

The total thrust of art. 717m–1 is to dispose of public securities validation litigation with dispatch. *Buckholts Independent School District v. Glaser, supra.* Consistent with that intent art. 717m–1 requires the taxpayer to file the required bond within ten days from the date the order requiring the bond is signed whether it chooses to take an appeal from the order

requiring the bond *or* from the order of dismissal.[2]

In this appeal, the taxpayer did not appeal from the July 6th order requiring it to post bond nor did the taxpayer file bond within ten days from the July 6th order. It is plain that the taxpayer herein could have complained of the unconstitutionality of art. 717m–1 and the amount of the bond in an appeal from the July 6th order requiring that a bond be filed. Accordingly, under these facts, art. 717m–1 operates to deprive this Court of jurisdiction to consider the taxpayer's asserted complaints.

The appeal is dismissed.

---

2. The taxpayer does not claim indigency.