W.T. "Butch" BURNS, Ted Carrington and Dwight Stegall, Appellants,

v.

DELMAR–WEST LAMAR CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 9511.

Court of Appeals of Texas, Texarkana.

Oct. 21, 1986.

Rehearing Denied Nov. 18, 1986.

Frank D. Moore, Cooper, for appellants.

Mary Milford, Law Offices of Earl Luna, P.C., Dallas, for Delmar-West Lamar Consolidated Independent School Dist.

Leroy Grawunder, Jr., Asst. Atty. Gen., Public Finance Section, Austin, for State of Tex.

CORNELIUS, Chief Justice.

This is a school bond election appeal. Because the appellants have failed to follow the mandates of Tex.Rev.Civ.Stat.Ann. art. 717m–1, § 8 (Vernon Supp.1986), we dismiss the appeal for want of jurisdiction.

In response to the appellant taxpayers' election contest, the appellee school district answered and filed a separate suit seeking a declaratory judgment that the bond proceedings were valid pursuant to Tex.Rev. Civ.Stat.Ann. art. 717m–1 (Vernon Supp. 1986). The two causes were consolidated. The trial court then granted the school district's motion to require the appellants to post bond as authorized by Article 717m–1, § 8, and entered an order to this effect dated April 8, 1986. The appellants were dismissed for failure to post the bond on April 22. It is from the April 22 dismissal that the appellants bring this appeal.

Article 717m–1, § 8, in relevant part reads as follows:

In the event a bond with sufficient surety is not filed by the opposing party or intervenor within 10 days after entry of the order of the court fixing the amount of the bond, the opposing party or intervenor shall be dismissed by the court. The dismissal shall constitute a final judgment of the court unless an appeal was taken as provided by this Act. No court shall have further jurisdiction of any action to the extent the action involves any issue which was or could have been raised in the proceedings,.... In the event no appeal is taken or if the appeal is taken and the order of the lower court is affirmed or affirmed as modified, and no bond is posted pursuant to this section within 10 days after entry of the appropriate order, no court shall have further jurisdiction of any action to the extent it shall involve any issue which was or could have been raised in the proceedings,....

■ Appellants neither posted the bond nor appealed from the April 8 order requiring such bond. Article 717m–1, § 8, therefore operates to deprive this Court of jurisdiction to consider the appellants' contentions. *Buckholts Independent School District v. Glaser*, 632 S.W.2d 146 (Tex.1982); *Rio Grande Valley Sugar Growers v. Attorney General*, 670 S.W.2d 399 (Tex.App.–Austin 1984, writ ref'd n.r.e.).

Appellants contend, however, that the statute unconstitutionally deprives them of due process because it requires the posting

of a bond before a final determination of the merits and as a prerequisite to an appeal, even though the plaintiffs may be unable to make the bond.

■ The constitutionality of these provisions has been upheld against similar attacks. *Buckholts Independent School District v. Glaser,* supra; *Rio Grande Valley Sugar Growers v. Attorney General,* supra. The statute does not expressly deny a waiver of the bond for indigents. *Buckholts Independent School District v. Glaser,* supra. Appellants were afforded a hearing on the feasibility of a bond being required, yet there has been no evidence brought forward here tending to show that they are indigent and no claim of indigency is raised here.

Appellants also argue that the judgment is void, and for that reason it can be attacked on the merits here, even though they did not avail themselves of the right to appeal the judgment in the manner provided by the statute. They base their argument on the contention that the school district was not a legal entity and therefore could not call a valid election.

As the court had jurisdiction of the proceedings and the parties below, its judgment was not void. If, as appellants urge, the judgment was erroneous, their remedy was to appeal by following the statute. Failing to do so, they cannot now challenge the issues which were or could have been raised in the proceeding below. *Burris' Estate v. Associated Employers Insurance Co.,* 374 S.W.2d 223 (Tex.1963); *Ex parte Sutherland,* 515 S.W.2d 137 (Tex. Civ.App.–Texarkana 1974, writ dism'd); 48 Tex.Jur.3d *Judgments* § 277 (1986).

The appeal is dismissed at appellants' costs.