**Joe MORENO, Appellant,**

v.

**Walter JENKINS, Jr., et al., Appellees.**

**No. 11643.**

Court of Civil Appeals of Texas.

Austin.

Dec. 11, 1968.

Rehearing Denied Jan. 15, 1969.

John S. Wade, Austin, for appellant.

Randle Taylor and John R. Taylor, San Antonio, Rogan B. Giles, McKay & Avery, Michael A. Wash, Austin, for appellees.

PHILLIPS, Chief Justice.

This suit arose out of a collision between three automobiles. The defendants, appellees here, were found by a jury to be negligent along with the attendant factors creating liability; however, the plaintiff, appellant, was found to be contributorily negligent and the trial court entered judgment adverse to him. Hence this appeal.

Appellant is before us on two points of error going to the merits of the case; however, as we must sustain two of appellees' counterpoints on procedure we do not reach the substantive points.

Appellees' counterpoint number 1 is that Appellant's Motion for Judgment and to disregard certain special issue jury findings was not presented or acted upon by the trial court and it was therefore waived and abandoned and no error is preserved for consideration on this appeal.

We sustain this point. Barnett v. Woodland, 310 S.W.2d 644 (Tex.Civ.App. Austin

1958, writ ref'd n. r. e.); 39 Tex.Jur.2d, Motions and Orders, Sec. 8, p. 255.

■ We also sustain appellees' counterpoint No. 3 that in the absence of a motion for new trial, the proper procedural predicate to complaint on appeal of submission of issues to the jury, this Court lacks jurisdiction of the case. Rule 324, Texas Rules of Civil Procedure. There was no motion for a new trial here. Lund v. State, 163 Tex. 102, 352 S.W.2d 457 (1962); St. Louis Southwestern Railway Company v. Duke, 424 S.W.2d 896 (Tex.1967).

We dismiss this appeal for want of jurisdiction.

Appeal dismissed.

## ON MOTION FOR REHEARING

HUGHES, Justice (dissenting).

The jury returned its verdict in this case, an automobile collision case, on November 30, 1967. On December 14, 1967, appellant filed his motion to disregard jury findings 31, 32 and 33 which were that when he was injured he was negligent in driving while under the influence of intoxicating beverages and that this was the proximate cause of the collision with appellees for the reason, among others, "* * * that said act cannot in and of itself be a proximate cause of a collision * * *."

All of the other jury findings were favorable to appellant, except those exonerating Appellee Haney from liability, and would support a judgment for him against Appellee Jenkins.

On May 20, 1968, the final judgment was rendered for appellees.

This judgment copied special issues 31, 32 and 33 and the jury answers thereto and special issues 34 and 35 and jury answers thereto finding that Appellee Haney acted prudently after being confronted with an emergency situation not caused by his own negligence. Immediately following the recitation of these issues and answers the court decreed as follows:

"Whereupon the Court being of the opinion that judgment should be accordingly rendered for the defendants upon the verdict of the jury in response to the Special Issues definitions, and explanatory instructions submitted to them by the Court, and the defendants having made, and the Court having duly heard and considered, a motion for judgment,[1] it is therefore ORDERED, ADJUDGED and DECREED that the plaintiff take nothing by his suit and that the defendants recover their costs and that execution issue in their behalf for their said costs."

Rule 324, T.R.C.P., provides, in part, as follows:

"provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court in giving a peremptory instruction, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or in overruling a motion for judgment on the verdict made by the party who becomes appellant;"

Appellee Jenkins does not question the right of appellant to appeal. His second counter point is, in part, that "The trial court properly overruled Plaintiff's Motion for Judgment Notwithstanding the Jury Findings in Response to Issues, No. 31, No. 32 and No. 33 * * *." Only Appellee Haney questions this right of appeal and he does so on the grounds that Appellant's Motion for Judgment was not presented and was not acted on by the trial court.

1. The transcript does not contain a motion for judgment made by appellees.

Rule 324 does not prescribe the manner in which the trial court may be requested to render judgment notwithstanding the finding of the jury on one or more special issues. Nor have I found any other rule on the subject.

Since Appellant's Motion to Disregard Special Issues 31, 32 and 33 was, partially, and as above indicated, not within the motion and notice provisions of Rule 301, T. R.C.P.[2] there was, as to such matters, no need for a motion. The trial court should have ignored such issues if they are immaterial as appellant contends. McDonald, Texas Civil Practice, Vol. 4, Sec. 17.31, First American Life Ins. Co. v. Slaughter, 400 S.W.2d 590, Tex.Civ.App., Houston, writ ref. n. r. e. (1966); Camco, Inc. v. Evans, 377 S.W.2d 703, Tex.Civ.App., San Antonio, writ ref. n. r. e. (1963); Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952).

Even if it be held that a motion to disregard immaterial issues is required, it is my opinion that the motion filed here, concededly appropriate, was, by implication at least, overruled by the trial court as reflected by its judgment from which I have quoted.

The appellant in this case is complaining on appeal of the action of the trial court in rendering judgment for appellees notwithstanding the finding of the jury on one or more special issues and in refusing to render judgment for him notwithstanding the finding of the jury on one or more special issues. I believe this Court has the duty to hear and determine such complaint. The action of the court upon which these complaints are based is reflected by its judgment.

In the case of Finney v. Finney, 164 S. W.2d 263, Tex.Civ.App., Fort Worth, writ ref. w. o. m., (March 1942) relied on by Appellee Haney, the Court stated:

"We find no order of the court showing that defendant's motions (two of them were filed) for judgment on the verdict were ever presented to the trial court or acted upon. They were waived and abandoned.

These motions are of such a nature that if there were any merit in them they must have been presented and acted upon by the trial court, in that the complaint is made that certain findings by the jury are not supported by the evidence, and others contrary to the evidence, and others not supported by the pleadings, and others were immaterial."

This case, by a divided Court, was reversed and remanded because of defective pleadings. Just when this case was tried is not disclosed by the opinions. It may have been tried before the present Court rules became effective. (Sept. 1, 1941) Suffice to say that it was tried before important changes were made in Rule 324. The opinions do not cite any Rules of Civil Procedure. I do not consider this case as authority on the question before us.

For the reasons above stated, I respectfully dissent from the action of the Court in dismissing this appeal.

2. "Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence." Rule 301, T.R.C.P.