**John Dennis SNAVELY, Appellant,**

v.

**Shirley Jeffreys SNAVELY, Appellee.**

**No. 17045.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 12, 1969.

Herbert Green, Jr., Dallas, for appellant.

Bryan & Amidei, and A. J. Bryan, Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

On January 19, 1964, Shirley Jeffreys Snavely was awarded a divorce from John Dennis Snavely and was awarded custody of their minor child, Dennis Eugene Snavely.

On January 14, 1966, John Dennis Snavely filed suit against Shirley Jeffreys Snavely asking the court to change custody of the minor child to him.

Only one issue was submitted to the jury, towit: "Do you find from a preponderance of the evidence that the best interests of the child, Dennis Eugene Snavely, would be promoted by changing his custody from his Mother to his Father?" The issue was answered "No."

Appellant on appeal in two points of error says "the evidence used to support defendant's position was res judicata." Complaint is not made of any particular testimony. Instead the court is referred to the statement of facts.

■ Some of appellee's testimony might have been inadmissible, but, if so, no error is shown because such testimony was given in response to questions asked her by appellant's attorney.

■ The first judgment at the time it was entered was res judicata of the child's best interest and of the custody. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293 (1938); Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946 (1903), 96 Tex. 472, 75 S.W. 368 (1903, no writ hist.).

It cannot now be questioned that at that time it was to the best interest of the child to award its custody to its mother, appellee herein.

■ The burden was upon appellant to prove that conditions had changed to the extent that it would be to the best interest of the child to change its custody to appellant.

The only specific changes of condition claimed by appellant in his testimony were: "I am being denied the right to see my child," and he has "bought a new home" since the divorce decree was entered.

Appellant did not request the court to fix visitation rights, but insisted upon full custody, care and control of the child.

No direct attack was made on the character or conduct of appellee and no showing made that she was not a fit and proper person to retain custody of the child.

■ The evidence amply supports the jury finding that it would not be to the best interest of the child to award its custody to appellant.

There was no abuse of discretion in the entry of judgment on the verdict retaining custody of the child in appellee, its mother. Nichols v. Nichols, 247 S.W.2d 143 (Tex. Civ.App., 1952, ref., n. r. e.); Moser v. Duck, 287 S.W.2d 214 (Tex.Civ.App., 1956, no writ hist.).

■ In a third point of error appellant contends "the judgment as rendered for the defendant is not supported by the pleadings."

Appellant did not at any time except to the pleadings, and did not complain of the sufficiency of the pleadings, or that the pleadings did not support the judgment, in his motion for new trial.

Any complaint he may have had was waived. Rule 324, Texas Rules of Civil Procedure; Turner v. State, 351 S.W.2d 607 (Tex.Civ.App., 1961, no writ hist.); Lund v. State, 163 Tex. 102, 352 S.W.2d 457 (1962); Zeek v. Gaddy, 287 S.W.2d 490 (Tex.Civ.App., 1956, ref., n. r. e.).

All points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.