IN THE
TENTH COURT OF APPEALS
 

No. 10-98-161-CR

        CESAR MARTINEZ,                                                                                                                                             Appellant
        v.

        THE STATE OF TEXAS,
                                                                              Appellee
 

From the 122nd District Court
Galveston County, Texas
Trial Court # 95CR1025
                                                                                                               

DISSENTING OPINION
                                                                                                               

        I respectfully dissent. Martinez filed a pro se motion to dismiss his court-appointed
attorney. His attorney joined in the motion during the January 9, 1998, hearing and filed his own
motion to withdraw as counsel. Under the limited circumstances of this case, I believe the court
should have further questioned Martinez’ reasons for wishing to dismiss his court-appointed
counsel.
          I would reverse the judgment and remand for further proceedings.
 
                                                                                 BILL VANCE
                                                                                 Justice

Dissenting opinion delivered and filed August 18, 1999
Do not publish



he court erred when it denied his motion for a judgment on the verdict. Champion first
contends that Mizell waived any complaint about the judgment by failing to properly assign error
on appeal.
      Entry of an erroneous judgment is not fundamental error. Young v. Hodde, 682 S.W.2d 236,
237 (Tex. 1984). Therefore, a party cannot complain about the failure of the trial court to render
a judgment on the verdict unless he first files a motion for judgment. See Tex. R. App. P. 52(a);
Moreno v. Jenkins, 436 S.W.2d 620, 622 (Tex. Civ. App.—Austin 1968, writ ref'd n.r.e.). 
Mizell filed such a motion.
      A properly stated point assigns error to the adverse ruling or action of the trial court in
response to a motion, objection or request made by the complaining party. Tex. R. App. P. 52(a). 
This is because an appellate court only reverses on erroneous rulings or actions of the trial court
relating to irregularities in the proceeding. Bell v. Blackwell, 283 S.W. 765, 767 (Tex. Comm'n
App. 1926, judgm't adopted) ("Logically, in all cases, the error inheres in the ruling or action of
the court, whatever be the subject-matter of such ruling"). Thus, Mizell's first point should have
been directed at the failure of the trial court to grant his motion for a judgment on the verdict.
      Points of error are liberally construed to adjudicate the litigants' rights fairly, justly, and
equitably. Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex. 1990) (on rehearing). This means that
the past rigorous requirements for the wording of points of error are now relaxed. Id. A point
is now sufficient if the argument under the point shows the intent of the party to raise the
complaint. See Pool v. Ford Motor Co., 715 S.W.2d 629, 633 (Tex. 1986). Although not
expressly stated in the first point of error, Mizell's argument under the first point is intended as
an attack on the refusal of the court to render judgment on the verdict based on his motion. 
Accordingly, the first point is sufficient to raise that complaint for appellate review. 
IMMATERIAL FINDINGS
      The jury found that Mizell's conduct in January 1987 tended to prejudicially affect the
carrying on of partnership business and made it impracticable to continue the partnership. This
authorized the court to declare the partnership dissolved as of January 1987, which the court did
in its judgment. See Tex. Rev. Civ. Stat. Ann. art. 6132b, § 32(1)(c), (d) (Vernon 1970). 
Essentially, Champion argues that the dissolution negated any fiduciary duty between him and
Mizell back to the inception of their partnership in 1985. According to Champion's reasoning,
there was never any fiduciary duty for him to breach as a matter of law.
      Dissolution of a partnership does not release the partners from their fiduciary duty until the
partnership's affairs are wound up. See id. at art. 6132b, § 21(1); Simmons v. Wilson, 250
S.W.2d 638, 642 (Tex. Civ. App.—San Antonio 1952, writ ref'd n.r.e.). Champion has not cited
any authority, and we have found none, to support his contention that the dissolution wiped out
any fiduciary duty between him and Mizell and barred all causes of action for breach of that duty
back to the inception of their partnership in 1985. Logically, that could not be the law because
a partner guilty of a breach of fiduciary duty could escape liability merely by dissolving the
partnership. Clearly, a finding of dissolution did not preclude the court from rendering judgment
for Mizell based on the verdict or entitle Champion to a judgment based on the verdict or
notwithstanding the verdict. The finding of dissolution is immaterial.
      Nor does the Statute of Frauds serve as an affirmative defense to Mizell's tort-based cause of
action for breach of fiduciary duty. See Turner v. PV Intern. Corp., 765 S.W.2d 455, 461 (Tex.
App.—Dallas 1988), writ denied, 778 S.W.2d 865 (Tex. 1989). Thus, a finding that the
partnership agreement could not be enforced because of the Statute of Frauds is also immaterial. 
It did not bar Mizell's recovery or entitle Champion to a judgment based on the verdict or
notwithstanding the verdict.
      Mizell was entitled to a judgment based on the verdict as a matter of law. See Tex. R. Civ.
P. 301. Any deemed findings would inure to the benefit of Mizell's right to a judgment. See
Tex. R. Civ. P. 279. Thus, the court erred as a matter of law when it rendered a judgment for
Champion based on the immaterial findings. Accordingly, we sustain the first point, reverse the
judgment, and render judgment for Mizell based on the verdict. The cause is remanded for entry
of the judgment in accordance with this opinion. 
      We do not reach Mizell's second point complaining of the exclusion of evidence. We do,
however, overrule Champion's cross-point asserting that the appeal is frivolous. 
 
                                                                                     BOB L. THOMAS
                                                                                     Chief Justice
Before Chief Justice Thomas, 
      Justice Cummings, and
      Justice Vance
Reversed and rendered, cause remanded for
      entry of judgment
Opinion delivered and filed April 7, 1993
Do not publish Released for publication April 11, 1995. See Rule 90(h) Tex. R. App. P.