Dewayne **CHARLESTON, Appellant**

v.

**WALLER INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 01–07–00900–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 2007.

---

**556**

Sylvia Cedillo, Prairie View, Ty Clevenger, Bryan, for Appellant.

Patrick W. Mizell, Catherine B. Smith and Persis Mehta, Vinson & Elkins LLP, Houston, for Appellant.

Panel consists of Justices NUCHIA, JENNINGS, and KEYES.

**OPINION**

EVELYN V. KEYES, Justice.

In this accelerated bond validation suit,[1] appellant, DeWayne Charleston, appeals the judgment of the trial court that granted a final judgment in favor of appellee, Waller Independent School District ("WISD") and the orders of the trial court requiring him to post security and dismissing him from the proceedings. In five issues on appeal, Charleston argues that (1) the bond election and sale of the bonds should be voided; (2) the trial court lacked authority to enjoin proceedings in federal court; (3) the trial court erred by ordering the Attorney General to approve the bonds; (4) the trial court erred in declaring that WISD was entitled to state debt-relief funds; and (5) the trial court should

---

1. "An appeal under this section is governed by the rules of the supreme court for accelerated appeals in civil cases and takes priority over any other matter, other than writs of habeas corpus, pending in the appellate court. The appellate court shall render its final order or judgment with the least possible delay." TEX. GOV'T CODE ANN. § 1205.068(e) (Vernon 2000).

not have required Charleston to post bond.[2]

We affirm in part and dismiss for want of jurisdiction in part.

## Background

On May 12, 2007, WISD voters approved the sale of school bonds valued at $49.29 million for the "construction of a new elementary school, conversion of Waller Junior High and Schultz Middle School to 6–8 grade campuses, addition of office space for technology, renovation on all seven existing campuses, technology improvements, purchase [of] school buses, and the construction [of] a new District stadium."

On August 9, 2007, Charleston filed an Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction in the 151st Judicial District Court of Harris County[3] to invalidate the bonds on the ground that WISD had violated the Texas Open Meetings Act[4] ("TOMA").[5] Charleston's original petition alleged that WISD failed to comply with TOMA because WISD "has not posted notice of its meetings with the Waller County Clerk's office. Furthermore, between January 1 and July 30, 2007, the Waller ISD Board of Trustees held at least fifteen (15) specially called meetings, all of which related to passage and implementation of a $49 million dollar bond issue for new construction and renovations within Waller ISD, and none of which were properly posted." He also asserted that WISD had scheduled the election on May 12, 2007, "four days after the close of the Spring Semester at Prairie View A & M University. In other words, Defendants scheduled the election on a day when the predominantly African–American student body of Prairie View A & M University would be out of town." Charleston also alleged that the May 12, 2007 election was not pre-cleared by the Department of Justice's Voting Rights Section.[6]

In the declaratory judgment portion of his pleading, Charleston asked the court to "declare that all votes taken by Defendant Waller ISD during special meetings called for the Year 2007 be declared invalid and void, including, but not limited to the calling of any special elections, the purchase of any school bonds or real estate, and the awarding of any contracts, relating to any new construction or renovation projects for Waller ISD." He asked that the May 12, 2007 bond election be declared void because it violated section 11.0581 of the Education Code.[7]

---

**2.** "An order setting the amount of a bond[,] denying the motion of an issuer for a bond, or dismissing a party for failure to file a bond may be appealed under Section 1205.068." TEX. GOV'T CODE ANN. § 1205.105 (Vernon 2000).

**3.** Charleston could file suit in Harris County because part of WISD extends into Harris County.

**4.** *See* TEX. GOV'T CODE ANN. § 551.001–551.146 (Vernon 2004 and Supp.2007).

**5.** The attorney general filed an answer that neither admitted nor denied the allegations made by Charleston.

**6.** *See* 42 U.S.C.1973(c) (2000).

**7.** Section 11.0581 provides:

> (a) An election for trustees of an independent school district shall be held on the same date as:
> (1) the election for the members of the governing body of a municipality located in the school district; or
> (2) the general election for state and county officers.
> (b) Elections held on the same date as provided by Subsection (a) shall be held as a joint election under Chapter 271, Election Code.
> (c) The voters of a joint election under this section shall be served by common polling places consistent with Section 271.003(b), Election Code.

On August 20, 2007, because of Charleston's suit in Harris County, WISD filed the instant action for an expedited declaratory judgment in Waller County [8] to validate the bonds that the voters had approved.[9]

On August 21, 2007, a temporary injunction hearing was held in Charleston's Harris County suit before Judge Caroline Baker. At the hearing, Charleston argued that section 551.054 of the Government Code, which requires that notice of certain state political subdivisions be posted with the county clerk,[10] should be construed together with section 551.051, the section of the Code which requires that notice of school district meetings be placed in the school district's central administrative office.[11] The parties do not dispute that the Harris County court denied Charleston's motion for temporary injunction.

Charleston then intervened in the instant case, WISD's declaratory judgment suit in Waller County (the Waller County suit), by filing a motion to dismiss on September 21, 2007. He did not seek a

---

(d) The board of trustees of an independent school district changing an election date to comply with this section shall adjust the terms of office of its members to conform to the new election date.
TEX. EDUC.CODE ANN. § 11.0581 (Vernon Supp. 2007).

8. Section 1205.022 provides that "An issuer may bring an action under this chapter in a district court of Travis County or of the county in which the issuer has its principal office." TEX. GOV'T CODE ANN. § 1205.022 (Vernon 2000). WISD has its principal office in Waller County.

9. WISD sought declaratory judgment pursuant to section 1205.021, which provides,
An issuer may bring an action under this chapter to obtain a declaratory judgment as to:
(1) the authority of the issuer to issue the public securities;
(2) the legality and validity of each public security authorization relating to the public securities, including if appropriate:
(A) the election at which the public securities were authorized;
(B) the organization or boundaries of the issuer;
(C) the imposition of an assessment, a tax, or a tax lien;
(D) the execution or proposed execution of a contract;
(E) the imposition of a rate, fee, charge, or toll or the enforcement of a remedy relating to the imposition of that rate, fee, charge, or toll; and
(F) the pledge or encumbrance of a tax, revenue, receipts, or property to secure the public securities;

(3) the legality and validity of each expenditure or proposed expenditure of money relating to the public securities; and
(4) the legality and validity of the public securities.
TEX. GOV'T CODE ANN. § 1205.021 (Vernon 2000).

10. Section 551.054 of the Government Code provides:

§ 551.054. District or Political Subdivision Extending Into Fewer Than Four Counties: Notice to Public and County Clerks; Place of Posting Notice
(a) The governing body of a water district or other district or political subdivision that extends into fewer than four counties shall:
(1) post notice of each meeting at a place convenient to the public in the administrative office of the district or political subdivision; and
(2) provide notice of each meeting to the county clerk of each county in which the district or political subdivision is located.
(b) A county clerk shall post the notice provided under Subsection (a)(2) on a bulletin board at a place convenient to the public in the county courthouse.
TEX. GOV'T CODE ANN. § 551.054 (Vernon 2004).

11. Section 551.051 provides:

School district: Place of Posting Notice
A school district shall post notice of each meeting on a bulletin board at a place convenient to the public in the central administrative office of the district.
TEX. GOV'T CODE ANN. § 551.051 (Vernon 2004).

temporary injunction in this suit against WISD's issuance of the school bonds. On the day of trial in WISD's Waller County suit, Charleston also filed a federal suit, *Jackson v. WISD*.[12]

The declaratory judgment action filed by WISD in Waller County was tried on September 24, 2007. At the opening of the trial, the court permitted Charleston to argue that this suit should be abated during the pendency of the federal suit he had filed that morning. Charleston argued that he had raised issues for the first time in the federal suit "which will take priority over this lawsuit" and that his federal claims could not be consolidated with the claims in state court. The trial court declined to abate the state court case on "the mere filing of a federal action and not the action of a federal court itself." It overruled Charleston's plea in abatement.

Robert Pierce, president of the WISD school board, then testified on the merits of WISD's declaratory judgment action. He testified that notices of WISD meetings were properly posted in accordance with the law by WISD's posting the notice at the administration office and on its website.[13] He also testified to the damages that would be caused by any further delay in issuance of the bonds due to the pendency of the lawsuit. He testified that an existing legislative debt allowance ("EDA") allowed WISD to have "state matching funds that would drop our debt down significantly," and that it would be "very significant for the school district," if the bonds were issued while the allowance existed. He explained that if WISD did not get the state matching funds, the school district taxpayers would have to pay an additional unmatched $20 million to pay off the bonds.

Charleston questioned Pierce on whether the bond allocation of $17 million for a stadium was prudent. WISD objected to relevance, and the objection was sustained. Charleston responded that his questions regarding allocation of the bonds related to equal protection issues brought in his federal suit. The trial court explained that it could review the procedures leading up to the bond election but that it could not address issues raised in the federal lawsuit but not in the lawsuit before the court. Charleston then questioned Pierce about the school meeting notices posted by WISD, and Pierce admitted that WISD never posted notice of its meetings with the county clerk. Charleston then called Richard McReavy, the WISD superintendent, who likewise testified that WISD did not post any notices of the school district meetings with the county clerk.

The trial court ultimately ruled that WISD's posting of notice at the school district's administrative office "was in compliance with section 551.051 and was appropriate." The trial court orally granted WISD's petition for declaratory judgment. WISD then filed a motion for security, asking the trial court to require Charleston to post a bond in accordance with section 1205.101 of the Texas Government Code and to set a show cause hearing on the motion. *See* TEX. GOV'T CODE ANN. § 1205.101 (Vernon 2000). Section 1205.101 of the Government Code provides that, prior to entry of final judgment in a bond validation suit brought under Chapter 1205 of the Code, the issuer may move for an order that intervenors must post a

---

12. *See Elaine Jackson, et al. v. Waller Indep. Sch. Dist.*, cause no. 07–3086 (S.D.Tex.)

13. Section 551.051 of the Government Code, quoted *supra* at note 11, requires a school district to post notice of its meetings at its administration office. Section 551.056 requires a school district to post notices of its meetings on its website. *See* TEX. GOV'T CODE ANN. § 551.056(b)(3) (Vernon Supp.2007).

bond to cover the costs of delay caused by their continued participation in the suit should the issuer ultimately prevail or else be dismissed from the suit. *Id.* Specifically, section 1205.101 provides,

(a) Before the entry of final judgment in an action under this chapter, the issuer may file a motion with the court for an order that any opposing party or intervenor, other than the attorney general, be dismissed unless that person posts a bond with sufficient surety, approved by the court, and payable to the issuer for any damage or cost that may occur because of the delay caused by the continued participation of the opposing party or intervenor in the action if the issuer finally prevails and obtains substantially the judgment requested in its petition.

*Id.* § 1205.101(a) (Vernon 2000). The court must "grant an issuer's motion for security under section 1205.101 unless, at the hearing on the motion, the opposing party or intervenor establishes that the person is entitled to a temporary injunction against the issuance of the public securities." *Id.* § 1205.102 (Vernon 2000). Section 1205.103 provides,

(b) The bond must be in an amount determined by the court to be sufficient to cover any damage or cost, including an anticipated increase in interest rates or in a construction or financing cost, that may occur because of the delay caused by the continued participation of the opposing party or intervenor in the acts if the issuer finally prevails and obtains substantially the judgment requested in its petition.

*Id.* § 1205.103(b) (Vernon 2000).

The Government Code provides that the trial court "shall dismiss an opposing party or intervenor who does not file a required bond before the 11th day after the date of the entry of the order setting the amount of the bond." *Id.* § 1205.104 (Vernon 2000). Unless the dismissal is appealed, a dismissal under section 1205.104 is a final judgment of the court. *Id.* § 1205.104(b). Once the trial court has dismissed an opposing party or intervenor who fails to file a bond required by chapter 1205, "No court has further jurisdiction over any action to the extent that action involves any issue that was or could have been raised in the action under this chapter, other than an issue that may have been raised by an opposing party or intervenor who was not subject to the motion." *Id.* § 1205.104(c) (Vernon 2000).

Finally, section 1205.105 provides,

(c) If an appeal is not taken [from an order dismissing a party or intervenor for failure to file a bond required by chapter 1205] or if the appeal is taken and the order of the lower court is affirmed or affirmed as modified, and the required bond is not posted before the 11th day after the date of the entry of the appropriate order, no court has further jurisdiction over any action to the extent it involves an issue that was or could have been raised in the action under this chapter, other than an issue that may have been raised by an opposing party or intervenor who was not subject to the motion.

*Id.* § 1205.105(c) (Vernon 2000).

On October 2, 2007, the trial court held a show cause hearing on WISD's motion for security pursuant to section 1205.101. After the hearing, the trial court granted WISD's motion for security. The trial court ordered Charleston to post a bond for $715,000 if he wished to continue to participate in the suit. The trial court signed a final judgment the same day. The judgment declared that WISD was authorized to issue the proposed public securities and that the special election held on May 12, 2007 was legally and validly

held pursuant to the Texas Education Code and the Texas Election Code. Charleston failed to post the bond required by the trial court's October 2, 2007 order.

On October 9, 2007, WISD filed a motion to dismiss Charleston from the proceedings pursuant to section 1205.104 of the Government Code, which provides for dismissal of an opposing party or intervenor who does not file a security bond required by an order pursuant to section 1205.104 "before the 11th day after the date of the entry of the order setting the amount of the bond." *Id.* § 1205.104(a). On October 13, 2007, after a hearing on WISD's motion to dismiss, the trial court dismissed Charleston for failing to post the bond. On the same day, the trial court also denied Charleston's renewed motion to dismiss the instant action.

Charleston appeals the Waller County trial court's final judgment on WISD's declaratory judgment action, the October 2, 2007 order requiring him to post security before the 11th day after issuance of the order, and the October 13, 2007 order dismissing Charleston from the lawsuit.

### Security for Issuer

In his fifth issue on appeal, Charleston argues that the trial court erred by requiring him to post security.[14]

■ At the October 2, 2007 show cause hearing on WISD's motion for security, WISD argued that it would lose money from the EDA if the bonds were not approved in a timely fashion, that it would also lose the benefit of interest that would have been earned on the money while it was in the bank, and that there would be

increased costs as a result of construction inflation because of the delay caused by Charleston's continued participation in the bond validation proceedings. *See* Tex. Gov't Code Ann. § 1205.102.

Gary Blanton, the managing principal of SHW Group, L.L.P., Architecture and Engineering Company, testified that SHW assisted WISD "in their bond planning efforts and also the Political Action Committee with their promotion of the bond." Blanton testified that a delay in construction of three months would cost WISD $266,508, a six-month delay would cost $715,689, and a nine-month delay would cost $1,164,870. On cross-examination, Charleston wanted to know why the stadium came first. He did not elicit testimony or present evidence showing that Blanton's testimony on the cost of construction delays was inaccurate.

WISD's counsel testified that the appellate process would cause losses due to construction delays. He opined that the court of appeals would not act any sooner than three months and that it would more likely be nine to twelve months. He also testified that there would be an additional delay of three to six months if an appeal were taken to the Texas Supreme Court. Charleston testified that he was not responsible for delays prior to trial, but he did not rebut WISD's testimony regarding the delays his appeal would cause.

Although section 1205.102 of the Government Code expressly provides that "The court *shall* grant an issuer's motion for security under Section 1205.101 unless, at the hearing on the motion, the opposing party or intervenor establishes that the

---

14. In his fifth issue on appeal, Charleston's appellate brief states "Appellant appeals the amount of the bond and the order of dismissal pursuant to Section 1205.103." Charleston provides no argument or citation to authority to support his claim that the trial court erro-

neously entered the order of dismissal. *See* Tex.R.App. P. 38.1(h). We construe Charleston's complaint about the dismissal order to be contingent on his primary issue that the trial court erred by requiring him to post security.

person is entitled to a temporary injunction against the issuance of the public securities," *see* TEX. GOV'T CODE ANN. § 1205.102 (emphasis added), Charleston neither presented evidence on the adequacy of the appeal bond at the October 2 show cause hearing on WISD's motion for security nor showed at that hearing that he was entitled to a temporary injunction against the issuance of the school bonds.

Instead, Charleston's counsel raised pre-clearance issues that he contended had delayed issuance of the bonds until early August 2007. The court cautioned Charleston's counsel that the delay relevant to WISD's section 1205.101 motion for security was "essentially today going forward. Not something that has happened in the past." Charleston's counsel then questioned McReavy on why construction would first start on the football stadium. Charleston's counsel explained his questions on the ground that the issue was "issuing a bond to prevent the district from suffering some harm from losing money, and we're trying to show that that loss is largely manufactured."

On cross-examination by WISD, McReavy was asked if the improvements needed to start now or whether they could wait until later, and he responded, "We need to move quickly on this for all of these things to occur. We need to move forward on the bond issue." When asked what would happen if construction on the football stadium did not begin by October 26, 2007, McReavy answered that, a "group of students will not use the stadium. The stadium will not be available for that group of students to use." When asked if the elementary school need to be started, McReavy said, "[W]e need to move forward on the elementary schools to have them ready for use, to be ready in the summer of 2009, that new elementary, so that we can take care of the students that we have and are projected to have at that time, especially moving our 5th graders for academic reasons to the elementary school."

After both sides had rested, the court permitted closing arguments. In its closing argument, WISD pointed out that a person is excused from posting security to prevent his dismissal from a bond validation case if he establishes at the hearing on the motion for security that he is entitled to a temporary injunction against issuance of the bonds. But it argued that, in this case, it was impossible for Charleston to prove his entitlement to an injunction against issuance of the bonds. Not only had the Harris County court ruled that WISD had properly posted notice of the school bond election and denied the injunction against issuance of the bonds Charleston sought in that case, but the Waller County court itself had tried WISD's declaratory judgment and had granted WISD's petition for a judgment declaring that notice of the district meetings on the bond issue was properly given. WISD asked that Charleston be required to post bond of $715,689.15, as security for his continued participation in the case, which was the projected increase in construction costs for a six-month delay.

Charleston's counsel responded that Charleston was entitled to a temporary injunction because Charleston had requested an injunction in Charleston's federal action "based on the claims that we set forth [in that case that] this bond violates federal laws, and we're asking for it from the federal court." In that regard, he objected to language in the final judgment, drawn from section 1205.105(c) of the Texas Government Code, stating that "the Court's judgment in this lawsuit shall constitute a permanent injunction against the institution or prosecution by any person or entity of any new or existing action

or proceeding contesting the validity of the Proposed Public Securities; the expenditure of money relating to the Proposed Public Securities; the provisions made for the payment of the Proposed Public Securities or of interest thereon; the validity of the Parking Tax and the Admissions Tax; the funds authorized to pay for the Proposed Public Securities; any matter adjudicated by the Court's judgment in this action; and any matter that could have been raised in these proceedings." *Cf.* TEX. GOV'T CODE ANN. § 1205.105(c). Charleston's counsel contended that the state court lacked "power under the constitution to enjoin the federal court from considering these issues as they relate to federal law." Charleston's counsel also argued that he believed he had strong grounds for an appeal based on statutory construction of the notice requirement. The trial court then set the bond amount at $715,000.

Under section 1205.102, the trial court was required to grant WISD's motion for security unless at the hearing on the motion, Charleston established that he was entitled to a temporary injunction against issuance of the securities. *See* TEX. GOV'T CODE ANN. § 1205.102. Charleston failed to present evidence that established his entitlement to a temporary injunction.[15] Therefore, the trial court properly granted WISD's motion for security for losses due to delays caused by Charleston's continued participation in this lawsuit.

█ Having failed to establish his right to an injunction, Charleston also failed to post the bond required by the trial court's October 2, 2007 order. Section 1205.104 of the Government Code requires that an intervenor who fails to post bond within 11

days shall be dismissed from the proceedings. TEX. GOV'T CODE ANN. § 1205.104(a). Following a hearing on WISD's motion to dismiss, the trial court dismissed Charleston from the lawsuit on October 13, 2007, and Charleston filed this appeal, still without posting the security required by the trial court's October 2 order.

Section 1205.105(c) provides that if an appeal is taken from an order under section 1205.103 of the Government Code requiring an intervenor to post security in a bond validation suit, and the order of the lower court is affirmed, and

> the required bond is not posted before the 11th day after the date of the entry of the appropriate order, no court has further jurisdiction over any action to the extent it involves an issue that was or could have been raised in the action under this chapter, other than an issue that may have been raised by an opposing party or intervenor who was not subject to the motion.

TEX. GOV'T CODE ANN. § 1205.105(c).

The Texas Supreme Court has construed the term "the appropriate order" in section 1205.105(c) of the Code to be the order of the trial court requiring the posting of security, regardless of whether an appeal is taken or not. *See Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150–51 (Tex.1982). Thus, if an appellate court subsequently affirms an order of a trial court requiring an opposing party or intervenor to post security for delays caused by his continued participation in a bond validation action under chapter 1205 of the Government Code, and the person subject to the order failed to post security within 11 days of entry of the order of the

---

**15.** To establish his right to a temporary injunction, Charleston had to plead and prove: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and

(3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002).

trial court requiring security, then, under the terms of section 1205.105(c) of the Code, no court has further jurisdiction over the action to the extent it involves an issue that was or could have been raised in the bond validation action by the person subject to the order. *See* TEX. GOV'T CODE ANN. § 1205.105(c); *Buckholts Indep. Sch. Dist.*, 632 S.W.2d at 150–51.

Charleston failed to post the $715,000 security bond prior to October 13 as required by the trial court's October 2, 2007 order. We conclude, therefore, that the trial court properly granted WISD's motion for security and that it properly dismissed him from the proceedings for failing to file the appropriate bond. *See Buckholts Indep. Sch. Dist.*, 632 S.W.2d at 150–51 (stating that "a legislative purpose in enacting the statute was to stop 'the age old practice allowing one disgruntled taxpayer to stop the entire bond issue by simply filing suit'"); *In re Talco–Bogata Consol. Indep. Sch. Dist. Bond Election*, 994 S.W.2d 343, 348 (Tex.App.-Texarkana 1999, no pet.).

We overrule Charleston's fifth issue on appeal.

Charleston next argues that the trial court should have set the bond amount at zero. Charleston contends that in his second and third points of error, he "demonstrated that the bonds cannot be authorized or sold so long as the federal case is pending. Thus his continued participation in this state action will not be a source of any damage or cost to Waller ISD so long as the federal case is pending, because Waller ISD cannot sell the bonds, begin construction, etc. until the federal matter is resolved." The appellate record shows that Charleston never made this complaint to the trial court. Thus, the issue is waived on appeal. *See* TEX.R.APP. 33.1(a).

Because we affirm the trial court's October 2, 2007 order requiring Charleston to post a security bond and the trial court's October 13, 2007 order dismissing Charleston from the lawsuit, we have no jurisdiction over Charleston's remaining claims. *See* TEX. GOV'T CODE ANN. § 1205.105(c); *Buckholts*, 632 S.W.2d at 150–51.

### Conclusion

We affirm the trial court's October 2, 2007 order which required Charleston to post a security bond of $715,000 to continue as a participant in this lawsuit. We likewise affirm the trial court's October 13, 2007 order which dismissed Charleston from the lawsuit. We dismiss the portion of the appeal that relates to Charleston's remaining claims for want of jurisdiction.